IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**PATRICK RICHARD KABBASH,**
**A# 078-771-124,**

    Petitioner,

vs.                                                     Case No. 4:15cv318-MW/CAS

**LORETTA LYNCH, et al.,**

    Respondents.

_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, initiated this case by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 17, 2015. Doc. 1. Petitioner's petition[1] was reviewed and service directed on July 13, 2015. Doc. 5. Respondents were directed to show cause why the petition should not be granted as Petitioner alleged that it was unlikely that he would be removed in the reasonably foreseeable future. *Id.* Petitioner is not challenging the validity of the removal order in this case. He

---

[1] Petitioner, a native and citizen of Sudan, alleged he entered the United States on July 1, 2000. Doc. 1 at 3. Petitioner was taken into immigration custody on March 29, 2014, was ordered removed from the United States on May 30, 2014. *Id.* at 3-4.

seeks release from detention pursuant to the United States Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001).

Respondents filed a motion to dismiss on September 11, 2015.  Doc. 10. Respondents assert the petition is moot because Petitioner was released from custody on July 16, 2015, pending removal from the United States.  *Id.* at 2.  Petitioner was released on an order of supervision as shown in the Order of Supervision, attached as Exhibit 1.  Doc. 10-1.  Therefore, because Petitioner has been afforded the relief sought, release from detention, this § 2241 petition should now be dismissed as moot.

The motion to dismiss, doc. 10, contains a certificate of service which indicates the document was provided to Petitioner at his "forwarding address" which was attached to the motion to dismiss.  Doc. 10 at 4; *see also* doc. 10-1 at 7.  The Clerk of Court will be directed to forward this Report and Recommendation to Petitioner at that address. However, it is noted that when service was directed, Petitioner was ordered to "file a notice of change of address with this Court should he be released from custody . . . ." Doc. 5.  Petitioner has not done so.  Thus, it may be assumed that Petitioner has abandoned this litigation since he was granted the relief sought in the petition.

**ORDER**

Accordingly, it is **ORDERED** that the Clerk of Court shall forward this ORDER and REPORT AND RECOMMENDATION to Petitioner at 3500 Windmeadows Blvd. Apt. 77, Gainesville, Florida 32607.

## REPORT AND RECOMMENDATION

In light of the uncontested assertion by Respondent, and the apparent abandonment of this case by Petitioner, it is respectfully **RECOMMENDED** that the § 2241 petition filed by Petitioner Patrick Richard Kabbash be **DISMISSED as moot** since it appears Petitioner has been released from detention and granted the relief sought in the petition.

**IN CHAMBERS** at Tallahassee, Florida, on September 15, 2015.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**